Form 145

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Harvey Dwight Evans**
**Jennifer Jo Evans**
**aka Jennifer Jo Renshaw**
  Debtor(s)

Bankruptcy Case No.: 21−20214−JAD

Chapter: 13
Docket No.: 41

## NOTICE – REMINDER

Pursuant to *Fed.R.Bankr.P. 5009(b)*, notice is hereby given that the above−captioned case will be closed without an *Order of Discharge* unless a **Certification of Completion of Instructional Course Concerning Personal Financial Management** (**Official Form B423**), *"the Certification",* is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)*. The deadlines are as follows:

*CHAPTER 13 CASES* − − *Fed.R.Bankr.P. 1007(c)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b)*.

*ADDITIONAL CHAPTER 13 CASE CERTIFICATION* − − *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

(1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

(2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

(3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2)*;

(4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

(5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: May 13, 2021

Michael R. Rhodes, Clerk
United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

In re:  Case No. 21-20214-JAD
Harvey Dwight Evans  Chapter 13
Jennifer Jo Evans
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2  User: admin  Page 1 of 2
Date Rcvd: May 13, 2021  Form ID: 145  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 15, 2021:**

**Recip ID**    **Recipient Name and Address**
db/jdb     + Harvey Dwight Evans, Jennifer Jo Evans, 97 Pinchalong Road, Grove City, PA 16127-6333

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2021      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 13, 2021 at the address(es) listed below:

**Name**    **Email Address**

Brian Nicholas
    on behalf of Creditor The Bank of New York Mellon Trust Company  N.A., as successor-in-interest to all permitted successors and assigns of JP Morgan Chase Bank, N.A., as Trustee for GMACM Home Equity Loan Trust, Series 200 bnicholas@kmllawgroup.com

Daniel P. Foster
    on behalf of Joint Debtor Jennifer Jo Evans dan@mrdebtbuster.com katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com

Daniel P. Foster
    on behalf of Debtor Harvey Dwight Evans dan@mrdebtbuster.com katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com

Maria Miksich
    on behalf of Creditor The Bank of New York Mellon Trust Company  N.A., as successor-in-interest to all permitted successors and assigns of JP Morgan Chase Bank, N.A., as Trustee for GMACM Home Equity Loan Trust, Series 200 mmiksich@kmllawgroup.com

| District/off: 0315-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: May 13, 2021 | Form ID: 145 | Total Noticed: 1 |

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

Thomas A. Capehart
    on behalf of Creditor 21st Mortgage Corporation jkacsur@grossmcginley.com  ehutchinson@grossmcginley.com

TOTAL: 7